**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEEPANSHU TANWAR,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-517-G** |
| **CHRIS GANTT, in his official capacity as Warden, Cimarron Correctional Facility, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Deepanshu Tanwar filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. Certain Respondents have filed an Answer (Doc. No. 10), and Petitioner has replied (Doc. No. 11).

*I. Background*

Petitioner "is a citizen of India"; he "entered the United States without inspection on or about January 16, 2024." Pet. ¶ 1. "[S]hortly after crossing the border, [Petitioner] was arrested by immigration authorities." *Id.* ¶ 2. He was charged "with being removable"

---

[1] Chris Gantt, Warden, Cimarron Correctional Facility, David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement, Markwayne Mullin, Secretary of Homeland Security, and Todd Blanche, U.S. Attorney General are hereby substituted as respondents for Scarlet Grant, Todd M. Lyons, Kristi Noem, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

The appearing respondents are: Robert Cerna, Acting Director, Dallas Field Office, U.S. Immigration and Customs Enforcement; Acting Director Venturella; Secretary Mullin; and Attorney General Blanche.

pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) due to his presence in the country without being "admitted or paroled." *Id.* ¶ 3 (internal quotation marks omitted); *see also id.* Ex. 1 (Doc. No. 1-1) at 1; Answer Ex. 7 (Doc. No. 10-7) at 1. He was thereafter "released on his own recognizance." Pet. ¶ 4. In April 2024, Petitioner filed an application for asylum and, on October 11, 2024, "was granted authorization to work in the United States for a period of five (5) years." *Id.* ¶ 6.

"On or about December 9, 2025," Respondents took Petitioner into custody "in Oklahoma." *Id.* ¶ 9; *see also* Answer at 4. Petitioner alleges that he was not provided "any opportunity to challenge the reason(s) for his re-detention." Pet. ¶ 10. Respondents contend that "Petitioner has not requested a bond redetermination hearing." Answer at 4. Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. ¶ 13.

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

As relevant here, Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "unlawfully mandates his continued detention and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. Pet. ¶¶ 47, 60-63. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *Id.* at 22.

Invoking multiple statutory interpretation arguments, Respondents argue that the "plain language of § 1225(b)(2)(A) straightforwardly applies in this case" and that Petitioner's interpretation of the provision "cannot account for the definition of applicant for admission that includes those found in the country and § 1225(b)(2)(A)'s lack of the

'arriving' modifier." Answer at 8-14; *see also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).[2]

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the parties' briefing, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 1, 9; *Santillan Quiroz*, 180 F.4th at 1233-34. Accordingly,

---

[2] Respondents also argue that the "Court is without jurisdiction to hear Petitioner's [INA] challenge" due to the INA's jurisdiction channeling and stripping provisions. Answer at 5-8 (citing 8 U.S.C. §§ 1226(e), 1252(b)(9), (g)). Because Petitioner claims Respondents "violate[d] the INA" by "unlawfully" detaining him pursuant to § 1225(b)(2), Pet. ¶¶ 60-63, Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted) (concluding that the relevant statutes do not deprive the Court of jurisdiction to consider a habeas claim for violation of the INA based upon the detention of a noncitizen); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

§ 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claim for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[3]

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 22.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

[3] Petitioner argues that at any bond hearing the government should bear the burden "to show by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community." Pet. ¶¶ 17, 54-57. The Court need not address this request. *See Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026); *see also Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 & n.3 (W.D. Okla. July 7, 2026); *Munaf v. Geren*, 553 U.S. 674, 693 (2008). As discussed above, the habeas relief to which Petitioner is entitled is either "an individualized bond hearing" before "an immigration court" or "release." *Guzman Morales*, 2026 WL 1962374, at *2 & n.3; *Santillan Quiroz*, 180 F.4th at 1251 n.13; *see* 8 U.S.C. 1226(a)(2).

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge